IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SACHE QUILDON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff(s),<br>v.<br>INTUIT, INC.,<br><br>    Defendant(s). | CASE NO. 5:12-cv-00859 EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS**<br><br>[Docket Item No(s). 17, 18] |

Presently before the court are two matters: (1) Plaintiff Sache Quildon's ("Plaintiff") Motion to Remand this action back the state superior court from which it originated and (2) Defendant Intuit, Inc.'s ("Defendant") Motion to Dismiss. See Docket Item Nos. 17, 18. The court has carefully reviewed the moving, opposing and reply papers and finds these matters suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for June 1, 2012, will be vacated. For the reasons described below, Plaintiff's Motion to Remand will be granted and Defendant's Motion to Dismiss will be denied as moot.

### I. BACKGROUND

On January 13, 2012, Plaintiff filed a class action Complaint against Defendants in Santa Clara County Superior Court, alleging Defendant violated certain California statutes in connection with its tax preparation software known as TurboTax. See Not. of Removal, Docket Item No. 1, at

Ex. 1 ("Compl."). According to the Complaint, consumers who prepare tax returns with TurboTax and are entitled to a tax refund may choose to immediately receive the refund via a short-term loan or extension of credit, which is then repaid to the lender directly from the consumer's tax refund. See id., at ¶ 24. Plaintiff alleges these loans, known as Refund Anticipation Loans ("RAL"), include exorbitant finance charges which often exceed an annual percentage rate ("APR") of 100%. See id. Plaintiff further alleges that Defendant failed to calculate and disclose the corresponding APR and any finance charges to consumers who chose the RAL option. See id., at ¶ 45.

The Complaint contains four causes of action based on this alleged conduct: (1) violation of California Business and Professions Code § 22250 et. seq., (2) violation of California Business and Professions Code § 17500 et. seq., (3) violation of California Usury Law, and (4) violation of California Business and Professions Code § 17200 et. seq. For the first, third and fourth causes of action, Plaintiff relies partly on a federal statute, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et. seq., to form the basis for Defendant's liability. See id., at ¶¶ 28-31, 70, 72, 94.

Defendant removed the case to this court on February 22, 2012, "because resolution of a federal question is necessary to resolution of this action." See Not. of Removal. Plaintiff now moves to remand the case back to state court.

## II. LEGAL STANDARD

Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). Only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); see also Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant."). Accordingly, the removal statute provides two basic ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens

of different states. 28 U.S.C. §§ 1441(a), (b).

When, as here, removal is based on the presence of a federal question, the court looks to the face of a well-pleaded complaint to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28, (1983)). "[I]t must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The complaint as it existed at time of removal dictates whether removal jurisdiction is proper. Libhart, 592 F.2d at 1065.

### III. DISCUSSION

Discussion of the Motion to Remand must begin by observing that the Complaint in this case references only one federal statute, TILA, and does not include a stand-alone cause of action for violations of that statute. Indeed, all of the identified cause of action arise under state law. Thus, the Complaint on its face is not one obviously removable because federal law did not create the right to sue. See 28 U.S.C. § 1441(a); see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005) (explaining that the statute providing for federal question jurisdiction, 28 U.S.C. § 1331, "is invoked by and large by plaintiffs pleading a cause of action created by federal law.").

This observation is important at the outset since Defendant's burden to establish federal jurisdiction is already a difficult one, compounded by the court's obligation to strictly construe removal statutes against removal jurisdiction. Gaus v. Miles, Inc., 980 F2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."). The fact that none of the causes of action in this case stem directly from federal law leads to significant doubt as to the appropriateness of the removal here. See id. ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

These challenging circumstances notwithstanding, Defendant argues that (1) resolution of

3
CASE NO. 5:12-cv-00859 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS

1 Plaintiff's claims "necessarily turn" on federal law, and alternatively, (2) that Plaintiff's claims raise
2 a substantial federal question. But in the face of a "strong presumption" against federal jurisdiction,
3 both of these arguments are misplaced.

  **A.  Plaintiff's Causes of Action do not "Necessarily Turn" on Federal Law**

5   For its first argument, Defendant cites to the portions of the Complaint which reference
6 TILA and attempts to analogize this case to another, namely <u>Moore v. Chase Bank</u>, No. C 08-350
7 SC, 2008 U.S. Dist. LEXIS 11337, 2008 WL 314664 (N.D. Cal. Feb. 4. 2008). Defendant believes
8 <u>Moore</u> supports its position that Plaintiff's causes of action "necessarily turn" on an application of
9 TILA. The court disagrees.

10   In <u>Moore</u>, plaintiff filed a complaint in state court for claims arising out of a refinancing of
11 his home loan. 2008 U.S. Dist. LEXIS 11337, at *1. Although all of plaintiff's causes of action
12 were identified as state statutory and common law violations, defendant removed the case to federal
13 court based on plaintiff's "repeated invocation of federal law." <u>Id</u>. at *3. Plaintiff moved to remand,
14 but the court denied the motion noting that several of plaintiff's "causes of action contain predicate
15 federal statutory violations." <u>Id</u>. at *4. The court pointed out that at least two of Plaintiff's claims,
16 one under California Business and Professions Code § 17200 and one for fraud, relied on several
17 violations of TILA and the Home Owners Equity Protection Act. <u>Id</u>. at *4-5. From this, the court
18 concluded that any relief due to plaintiff depended on resolution of a substantial question of federal
19 law. <u>Id</u>. at *5.

20   This case is distinguishable from <u>Moore</u>. First, in contrast to the <u>Moore</u> court's
21 characterization of "repeated invocation" of federal laws, the instant Plaintiff references *only one*
22 federal law in the Complaint. The court therefore cannot concur with Defendant's description of the
23 Complaint as "peppered" with federal references; if anything, the Complaint is only lightly
24 seasoned. Second, TILA does not form the exclusive basis for any of Plaintiff's claims. In fact, it
25 appears TILA plays a small role overall. For the cause of action under § 22250, certain TILA
26 disclosure requirements are cited only in conjunction with the actual California statute underlying
27 the claims and are alleged as an alternative to a state violation. <u>See</u> Compl., at ¶¶ 70-73. The same

4
CASE NO. 5:12-cv-00859 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS

is true for the cause of action under § 17500 as that claim borrows the violation of § 22250. See id., at ¶ 78. In addition, violation of TILA is just one of four alleged bases of liability for the cause of action under § 17200. See id., at ¶ 94. Since Moore does not contain a complete description of its own plaintiff's claims, the case cannot be neatly applied here.

Defendant's related contention is similarly unavailing. Defendant argues, as it does in the companion dismissal motion, that Plaintiff's Complaint lacks "any legitimate state law basis," leading Defendant to conclude that the claims can only be resolved by applying TILA. But in fashioning this argument, Defendant apparently seeks to put determination of its Motion to Dismiss before the Motion to Remand. In doing so, Defendant overlooks both this court's duty to address and resolve challenges to its jurisdiction before reaching the merits of a cause of action as well as Defendant's own obligation to establish federal jurisdiction based on the Complaint in its current form, not on some form it may take in the future. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-96 (1998); see also Libhart, 592 F.2d at 1065.[1]

Defendant has not demonstrated that Plaintiff's claims "necessarily turns" on federal law. Accordingly, the court rejects this argument as a basis of jurisdiction.

**B.      Plaintiff's Causes of Action do not Raise a Substantial Federal Question**

As an alternative to the argument discussed above, Defendant contends Plaintiff's causes of action raise a substantial question of federal law. This argument also fails.

---

[1] The court must also comment on an apparent contradiction in Defendant's argument. While arguing that Plaintiff's claims "can *only* be resolved by interpreting federal law," Defendant simultaneously moves this court to examine and dismiss all of the claims based in state law. Def.'s Oppo. to Pl.'s Mot. to Remand, Docket Item No. 27, at p. 8 (citing Palacios v. IndyMac Bank, FSB, No. CV 09-04601, 2009 U.S. Dist. LEXIS 111884, at *13, 2009 WL 3838274 (C.D. Cal. Nov. 13, 2009) (emphasis in original)). The court can only conclude from these circumstances - or perhaps this strategy - that important principles of state law are also in play here as they justified a motion to dismiss, even if federal law must also be examined.

Furthermore, the fact that jurisdictional issues must be resolved first forecloses Defendant's "remand futility" argument. The essence of that argument is a plea for this court to take up Defendant's Motion to Dismiss now rather than leaving it for the state court to decide. But "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex Parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868). Although the absence of jurisdiction in this case results in remand rather than dismissal, this fundamental principle applies with equal force.

5
CASE NO. 5:12-cv-00859 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS

The United States Supreme Court has provided the following analytical framework to determine whether a substantial federal question exists in otherwise purely state-driven causes of action:

> [T]he question is, does a state law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibility.

Grable, 545 U.S. at 314.

Recast as elements, the proponent of a "substantial federal question" must show: (1) that the state law claim necessarily raises the federal issues identified, (2) that the federal issue is disputed and substantial, and if (1) and (2) are established, then (3) that it is appropriate in the balance of state and federal responsibility for the federal court to hear the claim. See id.; see also California v. H & R Block, Inc., No. C 06-2058 SC, 2006 U.S. Dist. LEXIS 69472, at *10, 2006 WL 2669045 (N.D. Cal. Sept. 18, 2006).

In order to satisfy the first two elements, Defendant must do something more than show a point of federal law is embraced by Plaintiff's claims. Grable, 545 U.S. at 314. Instead, Defendant is required to "justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues" by demonstrating that the claims *necessitate* addressing the federal issue. Id., at 313; H & R Block, 2006 U.S. Dist. LEXIS 69472, at *10-11. This task is not an easy one. See Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006) (describing the cases which meet the "substantial federal question" standard as a "special and small category.").

Defendant has not met its burden. Significant again is the fact that none of Plaintiff's causes of action turn solely on application of TILA since alleged violations of that statute's disclosure provisions are plead as alternatives to others based in state law. Contrary to what Defendant represents, this Complaint merely raises a *possibility* that questions under TILA will arise. But since Plaintiff can prevail on her causes of action under other theories not rooted in federal law, TILA may have no place in this case at all. "When a claim can be supported by alternative and independent theories - one of which is a state law theory and one of which is a federal law theory -

6
CASE NO. 5:12-cv-00859 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS

federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Rains v. Criterion Sys., Inc., 80 F.3d 339, 346 (9th Cir. 1996). Violations of TILA are, therefore, not an essential part of Plaintiff's causes of action. In that regard, this case is similar to California v. H & R Block, Inc., No. C 06-2058 SC, 2006 U.S. Dist. LEXIS 69472, 2006 WL 2669045 (N.D. Cal. Sept. 18, 2006), which the court has found instructive in examining this issue.

Finally, the court would decline jurisdiction even if there was occasion to reach the third element of the "substantial federal question" test. "The fact that state and federal courts have concurrent jurisdiction over TILA claims . . . suggests that a federal court should not automatically assume jurisdiction over the case." Pangilinan v. Downey Sav. & Loan Ass'n, No. C-11-2016 EMC, 2011 U.S. Dist. LEXIS 77563, at *11 (N.D. Cal. July 18, 2011) (citing In re Countrywide Fin. Corp. Mortg. Mktg. & Sales Practices Litig., Case Nos. 08md1988 DMS (LSP), 08cv1903 DMS (LSP) 2008 U.S. Dist. LEXIS 105440, at *21 (S.D. Cal. Dec. 30, 2008)). A congressional mandate of concurrent jurisdiction coupled with predominate state law issues would lead this court to find federal jurisdiction inappropriate in the balance of responsibility.

Since Defendant has not shown the presence of a substantial federal question or any other basis justifying this court's jurisdiction, Plaintiff's Motion to Remand will be granted. This decision renders moot Defendant's currently-pending Motion to Dismiss.

### C. Plaintiff is not Entitled to Attorney's Fees and Costs

Plaintiff requests an award of fees in connection with this motion to remand. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Since "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources," requiring the payment of fees and costs is appropriate where "the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 140-41 (2005). In Martin, the Court explained that "district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." Id. at 141. In addition, the Ninth Circuit clarified

7
CASE NO. 5:12-cv-00859 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS

in Lussier v. Dollar Tree Stores, Inc., 518 F. 3d 1062, 1065 (9th Cir. 2008), that "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." Instead, the objective reasonableness of a removal depends on the clarity of the applicable law and whether such law "clearly foreclosed" the arguments in support of removal. Id. at 1066-67.

Here, the court does not find the applicable law so clear as to clearly foreclose the removal. Plaintiff cannot deny that a federal statute is mentioned in the Complaint, which itself provided some objectively reasonable basis for Defendant's conduct. Moreover, as can be seen from the discussion above, the applicable law is not absolutely settled. Defendant did have an arguable basis for opposing the motion to remand, even if the chances of prevailing were slight.

In short, the party opposing a motion to remand is always faced with the relatively heavy burden of proving jurisdiction. Fees should not be awarded just because that party makes a tenable, albeit unsuccessful, effort to overcome.

### IV. ORDER

Based on the foregoing:

1. Plaintiff's Motion to Remand is GRANTED, and

2. Defendant's Motion to Dismiss is DENIED AS MOOT without prejudice to being re-filed in state court.

The hearing scheduled for June 1, 2012, is VACATED. The clerk shall remand this action to Santa Clara County Superior Court and close this file.

**IT IS SO ORDERED.**

Dated: May 25, 2012

EDWARD J. DAVILA
United States District Judge

CASE NO. 5:12-cv-00859 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS